**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

VIVIAN A. HOOD, )
)
                Plaintiff, ) **CIVIL ACTION**
)
v. ) No. 09-1085-MLB
)
HAWKER BEECHCRAFT CORPORATION, )
)
                Defendant. )
_____)

**MEMORANDUM AND ORDER**

    This case comes before the court on the following motions:

    1) Defendant's motion in limine (Doc. 79) and plaintiff's response (Doc. 85);

    2) Plaintiff's motion in limine (Docs. 81) and defendant's response (Doc. 89);

    3) Plaintiff's objections to defendant's final witness and exhibit disclosures (Doc. 80) and defendant's response (Doc. 87); and

    4) Defendant's objections to plaintiff's deposition designations (Doc. 86) and plaintiff's response (Doc. 88).

    All parties seek to prohibit the admission of certain evidence at trial. To the extent it can with the information before it, the court will briefly rule on each motion. The court cautions the parties, however, that nothing in this Order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial. See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself."). By the same taken, nothing said herein should be

constituted as a final ruling admitting evidence to which a valid objection is made at trial.

## Analysis

**A.   Defendant's Motion in Limine (Doc. 79)**

Defendant objects to the introduction of a power point presentation made by Nita Long, defendant's former Director of Compensation and Benefits.  The presentation describes the process used by defendant in granting and denying FMLA benefits.  Plaintiff asserts that this is relevant because it shows that the process was not followed in her case and it explains defendant's practices.  The court agrees.  Defendant's motion is overruled.  The other issues raised in defendant's motion are moot as plaintiff does not intend to raise those issues during trial.

**B.   Plaintiff's Motion in Limine (Doc. 81)**

   **1.   Plaintiff's Job Performance**

Plaintiff's job performance is not relevant to the issues that the jury will decide.  Plaintiff was not terminated for her job performance or lack thereof.  Plaintiff's motion is sustained.

   **2.   Plaintiff's Records**

Plaintiff's motion is sustained.  The only records which are relevant to this case are plaintiff's attendance, her Step 1, 2, and 3 violations for attendance and her FMLA history.

   **3.   Violations of the Rules of Conduct (ROC)**

Plaintiff violated the ROCs on six occasions during her employment with defendant.  Plaintiff, however, was terminated in September 2007 for her violation of the attendance policies and not her violations of the ROC.  Plaintiff's violation of ROC No. 3 in

March 2007 could be admissible and relevant as to plaintiff's credibility. However, the court finds that defendant's actions in reinstating plaintiff immediately after the violation shows that defendant did not find the violation serious enough to warrant termination. Moreover, introduction of the violation and the termination would be outweighed by potential jury confusion. Fed. R. Civ. P. 403.

Further, defendant asserts that this evidence is relevant to its good faith defense as plaintiff is seeking liquidated damages.[1] The court, however, will decide the issue of liquidated damages and will not submit an advisory question to the jury on that issue.

Therefore, plaintiff's motion is sustained.

**4.  Last Chance Agreement**

Plaintiff's motion to exclude the introduction of the Last Chance Agreement is sustained. This agreement is not relevant to plaintiff's attendance issues or FMLA leave.

**5.  Plaintiff's Post-Termination Grievance**

The motion is sustained as to the post-termination grievance.

**6.  Plaintiff's Attendance Habits**

Evidence as to plaintiff's attendance record while employed by defendant is relevant. Evidence as to plaintiff's "habits," however,

---

[1] Defendant's proposed jury instructions include an instruction which states the "FMLA does not apply where the employee would have been terminated in any event for failing to comply with her employer's policies." (Doc. 90 at 15). This is a "same decision" defense instruction. Defendant, however, did not include a "same decision" defense in the pretrial order. (Doc. 35). Moreover, throughout the briefings defendant has never raised this defense. Therefore, the instruction will not be allowed and evidence pertaining to issues other than attendance and the FMLA leave will also not be admitted during trial.

-3-

is not relevant.  Plaintiff's attendance record with other employers after her employment with defendant appears to be relevant only on the defense of failure to mitigate damages.  The parties are directed to submit a proposed instruction.

**C.  Plaintiff's Objections to Defendant's Final Witness and Exhibits**

Defendant's witnesses may testify as to plaintiff's attendance, her FMLA leave, and plaintiff's reprimands for her absences. Defendant's witnesses may not testify regarding plaintiff's job performance, her violations of the code of conduct and the last chance agreement.  These issues are not relevant to the questions the jury must decide.

**1.  Attendance Tracking Report**

Plaintiff's motion is sustained.  Defendant must redact the references to the ROC violations.

**2.  ROC**

Plaintiff's motion is sustained.

**3.  Collective Bargaining Agreement**

Plaintiff's motion is sustained.

**4.  Request for Discipline**

Plaintiff's motion is sustained.

**5.  Emails**

The court will rule on these documents at trial as the emails were not attached to the motion.

**6.  Last Chance Agreement**

Plaintiff's motion is sustained.

**7.  Post Termination Grievance**

Plaintiff's motion is sustained.  These documents are not

relevant to defendant's decision to terminate plaintiff which occurred on September 17, 2007.

**8. Interrogatories and Responses to Requests for Production**

Plaintiff may object during trial to the admission of specific answers. The court will not rule on each individual answer at this time.

**D. Defendant's Objections to Plaintiff's Deposition Designations**

Defendant objects to the introduction of medical testimony concerning plaintiff's medical condition in 2010 and 2011. Plaintiff asserts that this testimony is relevant to damages and the issue of whether plaintiff had a serious medical condition. The court finds that this testimony is not relevant to the issue of serious medical condition because the jury must decide plaintiff's condition in 2007 not 2010. Plaintiff has provided no authority for the position that medical evidence occurring years after the termination would be admissible in deciding if an employee had a serious medical condition at the time of termination.

Further, plaintiff asserts that this evidence is relevant on the issue of damages because of her lack of medical benefits while not employed by defendant. Because defendant has not addressed this issue, the court will reserve ruling on the admissibility of the evidence for the limited purpose of damages.

**Conclusion**

Defendant's motion in limine (Doc. 79) is denied in part and granted in part. Plaintiff's motion in limine (Docs. 81) is granted in part and taken under advisement. Plaintiff's objections to defendant's final witness and exhibit disclosures (Doc. 80) is granted

in part and denied in part.  Defendant's objections to plaintiff's deposition designations (Doc. 86) is granted in part and taken under advisement.

IT IS SO ORDERED.

Dated this ___11th___ day of March 2011, at Wichita, Kansas.

<pre>
                              s/ Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE
</pre>